People v Rockeem M. (2025 NY Slip Op 03870)

People v Rockeem M.

2025 NY Slip Op 03870

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, Gonzalez, Shulman, Rodriguez, JJ. 

Ind No. 70087/20 70673/22|Appeal No. 4638|Case No. 2023-05980|

[*1]The People of the State of New York, Respondent,
v
Rockeem M., Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered April 27, 2023, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, adjudicating him a youthful offender, and sentencing him to a term of 1 1/3 to 4 years; and judgment, same court and Justice, rendered April 27, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of five years, to run concurrently with his sentence on the attempted assault conviction, unanimously modified, on the law as to indictment No. 70087/2020, to the extent of vacating the mandatory surcharge and fee imposed at sentencing, and otherwise affirmed; and unanimously modified, as to indictment No. 70673/2022, as a matter of discretion in the interest of justice, to the extent of amending the sentence and commitment sheet in accordance with this decision and vacating the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.
The statutory provisions authorizing the imposition of mandatory surcharges and crime victim assistance fees upon youthful offenders were repealed as of August 24, 2020, before defendant was sentenced. Accordingly, the sentencing court had no authority to impose the surcharge and fee as to defendant's youthful offender conviction (see People v D.S., 230 AD3d 1036, 1036 [1st Dept 2024]; People v Jaquan K., 223 AD3d 481, 481 [1st Dept 2024]).
Based on our own interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing on his felony conviction (see People v Johnson, 231 AD3d 679, 679-680 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
The parties agree that the sentence and commitment sheet should be amended to reflect that the correct term of postrelease supervision imposed under Indictment No. 70673/2022 is three years. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025